### H. B. COVINGTON v. ROBERT J. STEELE.

*Evidence—Action upon account for goods sold upon written orders.*

In an action upon an account, made up of charges for goods sold upon written orders; *Held*, incompetent for the plaintiff to speak of their contents when the orders were not produced on the trial and identified.

(*State* v. *Swink*, 2 Dev. & Bat., 9; *Oreach* v. *McRae*, 5 Jones, 122, cited and approved).

CIVIL ACTION tried at January Special Term, 1883, of RICHMOND Superior Court, before *Graves, J.*

The defendants appealed from the judgment of the court below.

*Messrs. Frank McNeill* and *Burwell, Walker & Tillett*, for plaintiff.

*Mr. John D. Shaw*, for defendants.

RUFFIN, J. The defendants take but a single exception, based upon the admission of certain testimony which they conceive to be incompetent. The facts connected with the exception are these:

The plaintiff sues upon an account, made up in most part of charges for goods sold to the defendants upon their orders. The plaintiff's deposition had been taken, in which, in response to questions put to him, he testified that he had sold the goods charged in the account to the defendants at the times and prices charged therein, and had delivered them to the defendants or their agents, or to their orders at the times at which they were so charged. The defendants objected to this evidence, at the time the deposition was taken, upon the ground that the witness ought not to be allowed to speak of the contents of the various orders mentioned in the account, by which goods purported to be sold and delivered, without the production of the written orders themselves. This objection was renewed when the deposition was offered to be read upon the trial, when the court held the evidence to be incompetent unless the orders had been produced at the taking of the deposition, or were produced and identified on the trial. Orders were then produced, some of which to the amount of $149.79 corresponded in date and amount with items charged in the account as having been sold on orders, while others differed in both particulars, being generally dated after the dates charged in the account. Other witnesses were then introduced, who deposed to having gotten goods of the plaintiff upon orders given them by the defendant; and the defendant, T. J. Steele, was himself examined as a witness for the plaintiff, and testified that he had signed certain orders on the plaintiff for the delivery of goods, which he identified.

After hearing this evidence, His Honor held the orders to be sufficiently identified and permitted the deposition to be read to the jury.

If the court could see that there was anything in the evidence tending even to identify the orders produced with those deposed

to by the plaintiff, we should feel ourselves bound by His Honor's ruling in the matter, upon the principle that whenever the admissibility of testimony depends upon a collateral question of fact (or as Judge GASTON says in *State* v. *Swink*, 2 Dev. & Bat., 9, upon an *inference of fact*) it is the duty of the judge to determine it, and his action is not the subject of review. *Creach* v. *McRae*, 5 Jones, 122.

So far, however, from that being the case, the direct effect of the whole evidence offered was, as we conceive, to disprove rather than to establish the identity of the orders. It is impossible to hold that the production of orders, differing in amounts and of subsequent dates, furnishes any evidence that they are the same with those deposed to by the witness, without something more to connect them.

The question is not upon the sufficiency of the evidence offered, to entitle the plaintiff to recover; for about that there could be but little doubt, if he had declared upon the account as a *stated account*, without undertaking to prove the several items, or if he had trusted to the witnesses introduced upon the trial to establish the orders as those upon which goods had been delivered. But the question is as to the competency of the plaintiff to speak of the contents of written orders, not present before him when his deposition was taken, and not produced at the trial and identified as those to which he then had reference; and this was not so much as insisted on.

The court thinks, therefore, that it was improper to admit the deposition of the plaintiff for the purpose of proving the unidentified orders, and as it cannot be known how far the jury were influenced by his testimony, there must be a *venire de novo*.

Error.         *Venire de novo*.